UDDO & TAORMINA CO. *v.* UNITED STATES (No. 4722)[1]

United States Court of Customs and Patent Appeals, December 17, 1952

Barnes, Richardson & Colburn (*Eugene F. Blauvelt* of counsel) for appellant. *Charles J. Wagner*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney, of counsel), for the United States.

[Oral argument October 9, 1952, by Mr. Blauvelt and Mr. Auster]

---

[1] C. A. D. 505.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, and JACKSON (retired), Associate Judges, and MORRIS, United States District Judge for the District of Columbia

JACKSON, Judge, delivered the opinion of the court:

This is an appeal in a reappraisement proceeding from a judgment of the United States Customs Court, First Division, in conformity with its decision by a divided court (Reap. Dec. 8061) affirming the judgment of the single judge.

The imported merchandise involved herein is "Romano Pecarino Genuine Cheese (Standard Quality)", exported from Rome, Italy, on or about February 27, 1948.

It appears that such type of cheese, during the time it is being cured and aged, has applied to it a coating made of fuller's earth, lamp black, and olive oil foots. Such coating or rind, which is inedible, is placed on the cheese for the purpose of protecting it during storage and transportation.

The goods were invoiced at $2 per kilogram, minus two per centum cash discount, f. o. b. Genoa, and appended to the invoice is a statement that 2.50 per centum of the net weight of the cheese, which was 1,611.6 kilograms, was the proportion of weight represented by the rind or coating.

The merchandise was entered at $2 per kilogram less the two per centum cash discount, nondutiable charges for inland freight to Genoa and loading charges. The entry was made on a weight of 1571.3 kilograms, which is the remainder after having subtracted from the net weight of the cheese and coating 40.3 kilograms, the weight of the coating. That deduction at the rate of $2 per kilogram amounts to $80.60. Therefore, it may be seen, the entry did not include the proportionate "cost of all containers and coverings of whatever nature" in either the unit or total values.

If the merchandise had been entered at the full weight of the cheese, which is 1611.6 kilograms at $2 per kilogram, the total value would have amounted to $3,223, as shown on the invoice. Such sum would have included the cost of coverings and containers of whatever nature. In the entry on the weight set out therein the value appears as $3,142.60. From that amount appellant deducted $41.00 for inland freight and loading charges, arriving at the amount of $3,039.00 for duty purposes. Thus it may be observed that $80.60 for the coating or covering is not included in the entered value of $3,142.60.

The appraiser appraised the importation at $2 per kilogram of cheese after having deducted 2½% allowance for tare, 40.29 kilograms, and, in accordance with sec. 16.6 (c), C. R. 1943, as amended, T. D. 51818, added the proportionate part of the cost of the inedible coating which each kilogram of cheese bore to the total weight of the coating. He returned the cost of the rind or coating as $2 per kilogram, as well

as the same amount per kilogram for the value of the cheese, less two per centum cash discount, together with the nondutiable charges.

The entry and appraisement were made on the export value of the merchandise defined in section 402 (d) of the Tariff Act of 1930, reading as follows:

Sec. 402. VALUE.

  *     *     *     *     *     *     *

(d) Export Value.—The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, *when not included in such price, the cost of all containers and coverings of whatever nature,* and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States. [Italics ours.]

That basis of value is not in dispute and a stipulation was entered into by counsel for the parties at the trial that the foreign value as defined in section 402 (c) of the act, as amended, for cheese of this type, was not higher than the importer's entered unit value.

The entire shipment weighed 1872.9 kilograms including the tare of 261.3.

It may be noted that the value of the merchandise as entered was advanced by the appraiser in that it was placed at $2 per kilogram on the cheese itself and the cost of the inedible covering at the same amount.

There can be no question but that the merchandise was bought and sold at $2 per kilogram based upon the total weight of the cheese and its inedible covering.

It is not disputed that the coating on the cheese is a covering or container and, pursuant to section 402 (d), *supra,* it must be added to the cost of the goods *per se,* even though it is excluded as tare by the examiner.

There is no question but that the weight of the cheese, excluding the weight of the inedible covering, is 1571.3 kilograms. It was entered at that weight by the importer at the price paid for the weight of the cheese and its covering. It is clear to us, as was pointed out in the decision of the Customs Court, that in applying section 402 (d), *supra,* to the involved merchandise, that the price of a kilogram of the involved cheese, plus the cost of containers, etc., placed the cheese in condition ready for shipment to the United States.

While the cost of the inedible coating is not set out in the invoice, there can be no question but that it was paid for by the importer at the same rate per kilogram as was paid for the cheese *per se,* less deductions and nondutiable charges, and, in our view, it is immaterial, so far as the dutiable charges to the importer are concerned, whether

or not the value of the merchandise is $2 per kilogram on the net weight of the cheese alone, plus $2 per kilogram of inedible covering, or whether the entire weight of the cheese, plus the inedible covering is valued at $2 per kilogram.

In the dissenting opinion it is pointed out that the type of cheese in issue is always bought and sold with the protective inedible covering and in that condition freely offered for sale to all purchasers at the time of exportation of the involved shipment at $2 per kilogram, less two per centum cash discount, f. o. b., port of exportation. The dissenting opinion suggests that on the record here the proper basis of appraisement is $2 per kilogram of cheese including the inedible covering, less two per centum cash discount, less nondutiable charges. It appears to us that the final result of the calculation set out in the dissenting opinion and that arrived at in the prevailing decision amount to the same dutiable value.

It may be remembered that the appraiser made a tare allowance of 40.29 from the weight of the cheese and covering, which was 1611.60 kilograms. The same figures appear in the entry with the difference of one cent so that the weight of the importation minus the allowance for tare is 1571.31 found by the United States Customs Court, and 1571.30 on the entry.

With that exception, there is no difference between the entered weight and that found by the court. But while the importer deducted the same tare, it claims no duty should be assessed upon the covering.

We are unable to perceive any mistake in law in the decision of the appellate division affirming that of the single judge and, therefore, the decision of the United States Customs Court is *affirmed*.

JACKSON, J., retired, recalled to participate herein.

WILLIAM P. COLE, JR., J., having participated below, disqualified himself to sit in this case, and JAMES W. MORRIS, United States District Judge for the District of Columbia, was designated and did serve herein, pursuant to the provisions of Title 28, United States Code, section 293.

---

MORRIS, District Judge, sitting by designation, dissenting.

I agree with the dissenting opinion below of Judge Cole to the effect that Romano Pecorino Cheese, with the inedible covering as an integral part thereof, is the article of commerce, or the commercial unit, that is before the Court for appraisement, and, based upon the present record, the export value thereof is $2 per kilogram (cost of inedible covering included), less 2 per centum cash discount, less non-dutiable charges. In this view, the covering is clearly included in the price of the unit, and is not subject to separate valuation

under the provisions of section 402 (d) of the Tariff Act of 1930. Treasury Regulations promulgated pursuant to section 505, Tariff Act of 1930, provide a schedule tare for cheese coverings, which will ultimately provide such relief as is allowable in respect of the cheese coverings. In this view, both the entry and the appraisement were erroneous, and I believe that the decision below should be modified accordingly.